UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| LAVONNE JOY TEALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 4:06-cv-003 / 4:01-cr-56 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Petitioner Lavonne Joy Teall ("Teall") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Teall pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). She was sentenced to a term of imprisonment of 168 months. Teall"s judgment of conviction was affirmed on direct appeal. *United States v. Lavonne Teall*, No. 02-5800 (6th Cir. June 28, 2004) (mandate issued). Teall now alleges that her guilty plea was not voluntary, that the government breached the plea agreement, that she received ineffective assistance of counsel, and that her sentence was improperly enhanced. For the last claim, Teall relies on the recent United States Supreme Court decision of *United States v. Booker*, 125 S. Ct. 738 (2005).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the

respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the Rules Governing Section 2255 Proceedings For The United States District Courts (amended 2004). As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

The Sixth Circuit's mandate affirming Teall's sentence issued June 28, 2004. Thus, her conviction became final on September 27, 2004, which was 90 days after the mandate issued. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). Teall filed her § 2255 motion on January 9, 2006, well past the expiration of the statute of limitation.

The Court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has,

2

in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005).

It plainly appears from the face of the motion and the prior proceedings in the case that Teall is not entitled to relief in this Court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Teall leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Teall having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

                                                   */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE